IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL A. LABUANAN AND JANELL R.N. LAI-LABUANAN, <br><br> Plaintiffs, <br><br> vs. <br><br> U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE BENEFIT OF CITIGROUP MORTGAGE LOAN TRUST, INC. ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2007-AHL2, BANK OF AMERICA FKA COUNTRYWIDE HOME LOANS, ACCREDITED HOME LENDERS, INC., and DOES 1 through 20 inclusive, <br><br> Defendants. <br> _____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

CV. NO. 10-00442 DAE KSC

ORDER: (1) GRANTING USB AND BOFA'S MOTION TO DISMISS
COMPLAINT; AND (2) GRANTING PLAINTIFFS
<u>LEAVE TO AMEND THE COMPLAINT</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing. After reviewing Defendants U.S. Bank National

Association as Trustee for the Benefit of Citigroup Mortgage Loan Trust, Inc.

Asset-Backed Pass-Through Certificates Series 2007-AHL2 and Bank of America

N.A.'s Motion to Dismiss and the supporting and opposing memoranda, the Court

GRANTS USB and BofA's Motion to Dismiss Complaint.  (Doc. # 8.)  The Court also GRANTS Plaintiffs leave to amend the Complaint.

## BACKGROUND

On July 29, 2010, Plaintiffs Michael A. Labuanan and Janell R.N. Lai-Labuanan ("Plaintiffs") filed a Complaint against Defendants U.S. Bank National Association as Trustee for the Benefit of Citigroup Mortgage Loan Trust, Inc. Asset-Backed Pass-Through Certificates Series 2007-AHL2 ("USB"), Bank of America fka Countrywide Home Loans, Inc. ("BofA")[1], Accredited Home Lenders, Inc. ("AHL"), and Does 1 through 20 (collectively, "Defendants") alleging that Plaintiffs had been lured into a predatory mortgage loan.  ("Compl.," Doc # 1.)  Specifically, Plaintiffs' Complaint alleges Counts: (Count I) violations of the Truth

---

[1] Defendants argue that Plaintiffs fail to state claims against USB and BofA, and that Plaintiffs have erroneously sued "Bank of America fka Countrywide Home Loans, Inc." because "Bank of America" is not a legal entity and has never been "formerly known as Countrywide Home Loans, Inc."  ("Mot.," Doc. # 8 at 5–6.)  Plaintiffs counter that their Complaint was filed in response to USB's notice of intent to foreclose, and that BofA is responsible "for failing to return to Plaintiffs any monies paid in connection with their loan transaction and terminate the security interest relating to said loan pursuant to the qualified written request dated October 19, 2009."  (Opp'n, Doc. # 16 at 5.)  Plaintiffs also argue that they should be given an opportunity to name the appropriate party in an amended complaint.  (Id. at 6.)  If Plaintiffs choose to amend their Complaint, the Court instructs Plaintiffs to correct any deficiencies in naming defendants, both in the caption and body of any amended complaint.  Furthermore, Plaintiffs must plead specific causes of action against the proper defendants, alleging facts related to those causes of action and those defendants.

in Lending Act ("TILA") entitling Plaintiffs to rescission of the mortgage and recoupment of expenses (id. ¶¶ 22–39; (Count II) violations of TILA entitling Plaintiffs to loan damages (id. ¶¶ 40–42); (Count III) violations of the Real Estate Settlement Procedures Act ("RESPA") (id. ¶¶ 43–46); (Count IV) unfair or deceptive acts or practices ("UDAP") (id. ¶¶ 47–58); (Count V) fraud (id. ¶¶ 59–67); (Count VI) civil conspiracy (id. ¶¶ 68–72); (Count VII) aiding and abetting (id. ¶¶ 73–77); (Count VIII) injunctive relief for lack of standing (id. ¶¶ 78–86); (Count IX) improper restrictions resulting from securitization leaving note and mortgage unenforceable (id. ¶¶ 86–93)[2]; (Count X) wrongful conversion of note - mortgagor never consented to securitization (id. ¶¶ 94–100); and (Count XI) fraudulent concealment entitling Plaintiffs to tolling of the statute of limitations (id. ¶¶ 101–103).

Plaintiffs are "unsophisticated consumers in regards to credit transactions and both are domiciled in the State of Hawaii."  (Id. ¶ 1.)  On December 22, 2006, Plaintiffs entered into a loan transaction with Defendant AHL, the original lender for the loan, to refinance their property.[3]  (Id. ¶ 13.)  Plaintiffs executed a note in the principal amount of $276,250.000, which was secured by a

---

[2]Plaintiffs' Complaint contains two paragraphs numbered "86."

[3]AHL filed for Chapter 11 bankruptcy in May 2009 ("Mot.," Doc. # 8 at 2.)

mortgage recorded on December 29, 2006, in the Bureau of Conveyances.  (<u>Id.</u> ¶¶ 14, 24.)  The real property at issue in this loan transaction is designated as TMK (3) 1-8-068-040, located at 2623 Ueyama Village, Mountain View, Hawai`i, 96771 ("Subject Property").  (<u>Id.</u> ¶ 10.)

Plaintiffs claim that at the time of execution of the loan documents, they were "instructed to sign, but no explanation was given to Plaintiffs regarding the loan documents they were told to sign."   (<u>Id.</u> ¶ 15.)  They further claim that they were not provided two copies of the Notice of Right to Cancel and were not given a written document to retain for their own records.  (<u>Id.</u> ¶ 17.)  Plaintiffs additionally contend that on October 19, 2009, they made a request for rescission of their loan transaction but did not receive any response from BAC Home Servicing, LP, and that said request for rescission is reaffirmed by the filing of this action.  (<u>Id.</u> ¶ 19.)  They finally allege that the monthly payments required by the loan exceed Plaintiffs' combined gross monthly income from December 2006.  (<u>Id.</u> ¶ 20.)

On October 12, 2010, Defendants USB and BofA filed a Motion to Dismiss ("Motion") for failure to state a claim upon which relief can be granted. ("Mot.," Doc. # 8.)  On December 20, 2010, Plaintiffs filed a Memorandum in Opposition to Defendants' Motion to Dismiss ("Opposition").  (Opp'n, Doc. # 16.)

On December 27, 2010, Defendants USB and BofA filed a Reply in support of their Motion.  (Reply, Doc. # 17.)

STANDARD OF REVIEW

I.     <u>Federal Rule of Civil Procedure 12(b)(6)</u>

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted.  Review is limited to the contents of the complaint.  <u>See</u> <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 754 (9th Cir. 1994).  A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim."  <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted).  Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff.  <u>See</u> <u>Livid Holdings Ltd. v. Salomon Smith Barney, Inc.</u>, 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss.  <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action.  <u>See</u> <u>id.</u> at 556–57; <u>see also</u> <u>McGlinchy v. Shell Chem. Co.</u>, 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations

without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief. See Twombly, 550 U.S. at 570. A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief. Id. at 586. When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Id. at 558 (citation omitted). If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. Lopez v.

Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect") (internal quotations and citations omitted).

II.     Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Under Ninth Circuit law, "Rule 9(b) requires particularized allegations of the circumstances constituting fraud." In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547–48 (9th Cir. 1994) (en banc), superseded on other grounds by 15 U.S.C. § 78u-4.

In their pleadings, plaintiffs must include the time, place, and nature of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to satisfy this requirement. Id. at 1548 (quoting Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989)). "[T]he circumstances constituting the alleged fraud [must] 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Bly-Magee v. California, 236 F.3d 10104, 1019 (9th Cir. 2001)); see also Moore, 885 F.2d at 540 (finding that Rule 9(b) requires a plaintiff

to attribute particular fraudulent statements or acts to individual defendants).

However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); see also In re GlenFed, Inc. Sec. Litig., 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed."); Walling v. Beverly Enter., 476 F.2d 393, 397 (9th Cir. 1973) (finding that Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations" (citations omitted)).

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003). In considering a motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

<u>DISCUSSION</u>

For the reasons set forth below, the Court concludes that Defendants USB and BofA's Motion to Dismiss should be granted.[4]  The Court grants Plaintiffs leave to amend their Complaint.

<u>I.</u>     <u>Count I: Truth in Lending Act Violations: Loan Rescission and Recoupment; Count II: Truth in Lending Act Violations: Loan Damages</u>

In Count I of the Complaint, Plaintiffs allege that they are entitled to rescission of the loan and recoupment[5] under TILA, 15 U.S.C. § 1601, et. seq.  In Count II, Plaintiffs allege that they are entitled to damages under TILA pursuant to 15 U.S.C. § 1640.

<u>A.</u>     <u>Rescission Under 15 U.S.C. § 1635</u>

Section 1635(a), TILA's so-called buyer's remorse provision, gives borrowers three business days to rescind the loan agreement without penalty.  15 U.S.C. § 1635(a); <u>Semar v. Platte Valley Fed. Sav. & Loan Ass'n</u>, 791 F.2d 699, 701 (9th Cir. 1986) (citing 15 U.S.C. § 1635(a)).  To invoke this provision, the

---

[4]Contrary to Plaintiffs' contention (Opp'n at 12–13), their participation in the Court's triage program does not affect whether the Court may consider Defendants' Motion to Dismiss at this time.

[5]Although Plaintiffs' claim for recoupment is brought under Count I for rescission, 15 U.S.C. § 1640(a) provides for damages, not rescission, thus the Court will discuss Plaintiffs' recoupment argument after their claim for damages.

loan must be a consumer loan using the borrower's principal dwelling as security.

15 U.S.C. § 1635(a).  If the lender fails to deliver certain forms or disclose

important terms accurately, Section 1635(f) gives the borrower the right to rescind

until "three years after the consummation of the transaction or . . . the sale of the

property, whichever occurs first."  15 U.S.C. § 1635(f); see also King v. California,

784 F.2d 910, 913 (9th Cir. 1986).

      Here, Plaintiffs entered into the loan transaction on December 22,

2006 and initiated the instant lawsuit on July 29, 2010.  Plaintiffs contend,

however, that the three-year statute of limitations for invocation of the right to

rescind has not expired, based on a letter they sent Defendants on October 19,

2009.  Defendants respond that "Plaintiffs did not request a rescission of their loan

transaction by way of a qualified written request within the three-year limitations

period . . . ."  (Reply at 3.)  Plaintiffs attached to their Opposition the letter

allegedly mailed on October 19, 2009.[6]  (Doc. # 16, Ex. A.)  Upon an independent

---

[6]The Court takes judicial notice of the letter attached by Plaintiffs.  A court "may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."  Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006).  The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  In the instant case, Plaintiffs'

(continued...)

examination of this letter, the Court agrees with Defendants' argument and finds that Plaintiffs do not actually request rescission of their loan anywhere in the letter. See (Doc. # 16, Ex. A.)  Accordingly, Plaintiffs incorrectly assert that their letter dated October 19, 2009 invoked their right to rescind.  Instead, Plaintiffs' request for rescission of the loan did not occur until this lawsuit was instituted, on July 29, 2010.  As this is more than three years since the consummation of the loan, Plaintiffs' claim is barred by the statute of limitations.

Additionally, equitable tolling does not apply to rescission under TILA.  Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) (holding that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period"); see also Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (citing Beach and holding that "§ 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period"); King, 784 F.2d at 913 (characterizing Section

---

Complaint relies on this letter, and Defendants have not questioned it's authenticity.  Accordingly, the Court takes judicial notice of the letter in making its determinations on the instant Motion.

1635(f) as a "three-year absolute limitation" on Section 1635 rescission actions).

As such, Plaintiffs' TILA Rescission claim is barred by the statute of limitations.[7]

B.    Damages Under 15 U.S.C. § 1640

In addition to rescission, TILA authorizes civil liability in the form of actual damages, statutory damages, costs, and attorneys fees.  15 U.S.C. § 1640. Pursuant to Section 1640(e), there is a one-year statute of limitations for civil liability claims under TILA.  Id. § 1640(e).  The limitations period generally runs from the date of consummation of the transaction.  King, 784 F.2d at 915.  Here, as stated above, Plaintiffs entered into the loan transaction on December 19, 2006 and initiated the present lawsuit on July 29, 2010.  As such, more than one year elapsed between the consummation of the loan and the filing of the instant action. Therefore, Plaintiffs' claim is barred by the statute of limitations unless equitable tolling applies.

As a general matter, "[e]quitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim."  Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir.

---

[7]Defendants also contend that Plaintiffs were provided with the appropriate documents required under TILA, and thus their TILA rescission claim fails. (Reply at 2–3.)  The Court need not reach this argument because of its determination that Plaintiffs' claim for TILA rescission is barred by the statute of limitations.

2000); see also O'Donnell v. Vencor, Inc., 465 F.3d 1063, 1068 (9th Cir. 2006)

("Equitable tolling is generally applied in situations 'where the claimant has

actively pursued his judicial remedies by filing a defective pleading during the

statutory period, or where the complainant has been induced or tricked by his

adversary's misconduct into allowing the filing deadline to pass.'" (quoting Irwin

v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990))).  In a TILA damages action

specifically, equitable tolling may suspend the limitations period "until the

borrower discovers or had reasonable opportunity to discover the fraud or

nondisclosures that form the basis of the TILA action."  King, 784 F.2d at 915.

However, when a plaintiff fails to allege facts demonstrating that the plaintiff could

not have discovered the purported TILA violation with reasonable diligence,

dismissal is appropriate and equitable tolling will not apply.  See Meyer v.

Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (refusing to apply

equitable tolling for failure to make required disclosures under TILA when the

plaintiff was in full possession of all loan documents and did not allege fraudulent

concealment or any other action that would have prevented discovery of the

violation); Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996) (holding

that the plaintiff was not entitled to equitable tolling of her TILA claim because

"nothing prevented [the plaintiff] from comparing the loan contract, Fidelity's initial disclosures, and TILA's statutory and regulatory requirements").

In this case, Plaintiffs allege that Defendants violated TILA by failing to provide Plaintiffs with two copies of the notice of the right to rescind. (Compl. ¶ 27.) As in <u>Meyer</u> and <u>Hubbard</u>, Plaintiffs fail to allege any facts to demonstrate that equitable tolling applies. Plaintiffs' assertion that Defendants "fraudulently misrepresented" (<u>id.</u> ¶ 102) and "fraudulent[ly] conceal[ed]" (<u>id.</u> ¶ 103) the terms of Plaintiffs' mortgage is conclusory and does not justify application of equitable tolling.[8] Although elsewhere in the Complaint Plaintiffs provide examples of specific instances of Defendants' alleged deceptive acts (<u>id.</u> ¶ 51) and fraud (<u>id.</u> ¶ 60–65), Plaintiffs offer no explanation for why they were unable to discover the TILA violations within the one-year statutory period. These facts without more are insufficient for Plaintiffs to invoke the doctrine of equitable tolling. As such, Plaintiffs' TILA Damages claim is barred by the statute of limitations.

---

[8] Plaintiffs' argument in support of equitable tolling is actually made under Count XI: Fraudulent Concealment – Tolling of Statute. However, the Court considered these arguments when determining whether equitable tolling should apply under TILA.

C.    Recoupment Under 15 U.S.C. § 1640

"[R]ecoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is founded." Bull v. United States, 295 U.S. 247, 262 (1935).  The Supreme Court has confirmed that recoupment of damage claims survive TILA's one-year statute of limitations. Beach, 523 U.S. at 418.  However, to circumvent the statute of limitations, the recoupment claim must be asserted as a "defense" in an "action to collect a debt." 15 U.S.C. § 1640(e).  Some courts have held that for a recoupment claim to survive a motion to dismiss, the plaintiff must show the following: "(1) the TILA violation and the debt are products of the same transaction; (2) the debtor asserts the claim as a defense; and (3) the main action is timely." Moor v. Travelers Ins. Co., 784 F.2d 632, 634 (5th Cir. 1986) (citing In re Smith, 737 F.2d 1549, 1553 (11th Cir. 1984)); Agustin v. PNC Fin. Servs. Grp., --- F. Supp. 2d ----, 2010 WL 1507975, at *18 n.2 (D. Haw. Apr. 15, 2010).

Plaintiffs claim that they may "assert the TILA disclosure violations described herein as a recoupment in the amount of $2,000.00 and are entitled to a credit in that amount with regard to their tender obligation, if any, under TILA." (Compl. ¶ 39.)  Nowhere do Plaintiffs assert TILA recoupment as a defense, nor do

Plaintiffs point to any "action to collect a debt." Instead, the relevant action in the instant case is a foreclosure auction sale.[9]

District courts within this circuit have held that a nonjudicial foreclosure is not an "action to collect a debt" within the meaning of Section 1640(e). Ortiz v. Accredited Home Lenders, Inc., 639 F. Supp. 2d 1159, 1165 (S.D. Cal. 2009) (holding that nonjudicial foreclosures are not "actions" as contemplated by TILA because "actions" refer to judicial proceedings).[10]

_____

[9] By Plaintiffs' own admission, "USB filed a notice for non-judicial foreclosure auction sale on the property on May 5, 2010 in the Bureau of Conveyances, State of Hawaii, as Document no. 2010-061259." (Opp'n at 3.)

[10] In reaching the conclusion that a nonjudicial foreclosure is not an "action" that survives TILA's statute of limitations, the court in Ortiz reviewed the wording of TILA as well as California state law. Ortiz, 639 F. Supp. 2d at 1165. With regard to TILA, the court concluded the Section 1640(e) itself defines an "action" as a court proceeding because it states "'[a]ny action . . . may be brought in any United States district court, or in any other court of competent jurisdiction.'" Id. (quoting 15 U.S.C. § 1640(e)). The court also examined California state law, which indicates that an "action" to recover a debt secured by a mortgage on real property results in a judgment from the court directing the sale of the property and distributing the resulting funds. Id. Similarly, Hawaii Revised Statute Section 667-1 provides that a "foreclosure by action" occurs when the circuit court assesses the amount due on a mortgage and renders judgment for the amount awarded. Haw. Rev. Stat. § 667-1. Conversely, a "foreclosure under power of sale," or nonjudicial foreclosure, occurs when the mortgagee forecloses pursuant to the power of sale contained in the mortgage. Id. § 667-5. Thus, in Hawaii, a foreclosure by "action" requires a judicial proceeding whereas a nonjudicial foreclosure does not. The Ortiz court's reasoning clearly applies to the instant case, and the Court finds that a nonjudicial foreclosure is not an "action to collect a
(continued...)

Additionally, Plaintiffs' conclusory statement that they are asserting the TILA violations as "claims and defenses" is insufficient to prove as much. (Compl. ¶ 39.) In <u>Ortiz</u>, after the lender filed notice of a nonjudicial foreclosure, but before the sale took place, the plaintiff initiated a lawsuit alleging TILA violations and attempting to assert a recoupment defense. <u>Id.</u> On these facts, the court concluded that "'[w]hen the debtor hales the creditor into court, the claim by the debtor is affirmative rather than defensive.'" <u>Id.</u> (quoting <u>Moor</u>, 784 F.2d at 634). In this case, there is no evidence that Defendants have initiated any sort of court proceeding against Plaintiffs. Plaintiffs' affirmative use of their claim for recoupment is improper and not within the scope of the TILA exception, which permits recoupment as a defensive claim only. As such, Plaintiffs' TILA recoupment claim fails.

Accordingly, the Court GRANTS the Motion to Dismiss as to Counts I and II and DISMISSES WITHOUT PREJUDICE Counts I and II as to all Defendants.

----

[10](...continued)
debt" within the meaning of Section 1640(e).

<u>Real Estate Settlement Procedures Act Violations</u>

Count III of the Complaint alleges that Defendants violated RESPA by failing to provide Plaintiffs with a timely signed and dated Good Faith Estimate, as required by RESPA.  (Compl. ¶¶ 43–46.)

First, RESPA imposes either a one-year or a three-year statute of limitations depending on the violation alleged.  12 U.S.C. § 2614 (proscribing a one-year statute of limitations for violations of Sections 2607 and 2608 and a three-year statute of limitations for violations of Section 2605).  Because Plaintiffs' alleged RESPA claim arose out of the loan origination, which occurred more than three years before Plaintiffs filed the instant action, Plaintiffs' claim is barred by the statute of limitations.  As discussed above, Plaintiffs are not entitled to equitable tolling because they have failed to allege specific facts showing why they could not bring their suit within the limitations period.

Second, Defendants assert that Plaintiffs' RESPA claim fails to state a claim because RESPA does not provide for a private right of action when a defendant fails to provide a good faith estimate.  (Mot. at 15–17.)  Accordingly, Plaintiffs' RESPA claim would fail even if it was not barred by the statute of limitations because the alleged disclosure violations do not give rise to a private right of action.  See <u>Collins v. FMHA-USDA</u>, 105 F.3d 1366, 1368 (11th Cir.

18

1997) (noting that neither the legislative history nor the statutory text reveals congressional intent to create a private right of action for violations of Section 2604(c), failure to provide the initial good faith estimate); Pressman v. Meridian Mortg. Co., 334 F. Supp. 2d 1236, 1242 n.4 (D. Haw. 2004); Rosal v. First Fed. Bank of California, 671 F. Supp. 2d 1111, 1125 (N.D. Cal. 2009) (holding that there is no private right of action for disclosure violations under either Section 2603 or Section 2604); Delino v. Platinum Cmty. Bank, 628 F. Supp. 2d 1226, 1232–33 (S.D. Cal. 2009) (citing Collins and dismissing the plaintiff's RESPA claim on the ground that no private right of action exists for failure to provide an initial good faith estimate).  As such, Plaintiffs' RESPA claim is barred by the statute of limitations, and fails to state a claim.

Accordingly, the Court GRANTS the Motion to Dismiss as to Count III and DISMISSES WITHOUT PREJUDICE Count III as to all Defendants.

III.    Count IV: Unfair or Deceptive Acts or Practices

Plaintiffs claim that Defendants AHL and BofA engaged in unfair or deceptive acts and practices ("UDAP") in violation of HRS §§ 480-2(a) and 481A-3.  (Compl. ¶ 50–51.)  HRS § 480-2(a) prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ."  HRS § 481A-3 similarly prohibits "deceptive trade practice[s]."

Plaintiffs contend that AHL and BofA violated the aforementioned statutes by: (1) targeting financially unsophisticated and otherwise vulnerable consumers for inappropriate credit products; (2) failing to adequately disclose the true costs and risks of the subject loan and its inappropriateness for Plaintiffs; (3) arranging a refinance loan that resulted in little net economic benefit to Plaintiffs with the primary objective of general fees; (4) falsifying the amount of Plaintiffs' income and amount and source of income on the loan application it prepared; (5) making the loan based on the value of the collateral, without regard to Plaintiffs' ability to repay the loan; (6) failing to provide Plaintiffs with a timely Good Faith Estimate "GFE"; and (7) attempting to deprive Plaintiffs of their legal right to cancel the loan.  (Compl. ¶ 53.)

In their Motion to Dismiss, Defendants USB and BofA argue that "BofA was not the original lender and has no contractual relationship to Plaintiffs." (Mot. at 17.)  They cite to Judge Seabright's Order in <u>Araki v. One West Bank FSB</u>, 2010 WL 5625969 at * 8 (D. Haw. September 8, 2010), which held that regardless of any claim that may exist against Countrywide, the Complaint fails to state a claim under HRS 480-2 against BofA.  Plaintiffs respond in their Opposition that the note and mortgage against the Subject Property was a nullity

from the beginning, based on AHL's actions, and was thus never assigned to USB and BofA. (Opp'n at 10–11.)

The first six out of seven UDAP allegations against AHL and BofA arise from the consummation of the loan, thus Defendants correctly argue, and Plaintiffs do not disagree, that BofA was not the originating lender. Additionally, Plaintiffs never properly pled that BofA was an assignee of the mortgage and note, thus they cannot assert assignee liability as against BofA. Furthermore, even if they had properly pled assignee status, such a claim would fail because HRS 480-2 does not attach liability because an entity is an assignee. Araki, 2010 WL at * 8. Thus, all of Plaintiffs' UDAP claims stemming from the consummation of the loan fail to state a claim against BofA.

Plaintiffs' seventh UDAP claim, that AHL and BofA attempted to deprive Plaintiffs of their legal right to cancel the loan, contains insufficient facts to satisfy Rule 8 pleading requirements. Plaintiffs' vague allegation contains insufficient factual detail to meet the Rule 8 pleading standard, and to survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Iqbal, 129 S. Ct. at 1949. Plaintiffs do not allege any acts committed by AHL and BofA to prevent Plaintiffs from exercising their right to cancel the loan, when such acts were committed, or

by whom.  As such, Plaintiffs' seventh UDAP allegation fails as to AHL and BofA.

Accordingly, the Court GRANTS the Motion to Dismiss as to Count IV and DISMISSES WITHOUT PREJUDICE Count IV as to BofA.[11]  The Court additionally DISMISSES WITHOUT PREJUDICE Plaintiffs' UDAP claim alleging a deprivation of their legal right to cancel the loan as to AHL.

IV.    Count V: Fraud; Count XI: Fraudulent Concealment

In Count V, Plaintiffs claim that Defendant AHL falsely represented the costs and risk of Plaintiffs' loan, its inappropriateness for Plaintiffs, the amount of Plaintiffs' income on the loan application, the nature of the documents Plaintiffs were told to sign, and its knowledge as to the aforementioned falsities, thereby committing fraud.  (Compl. ¶¶ 60–63.)  While USB and BofA do not move to dismiss this Count, as it only applies to Defendant AHL, the Court sua sponte finds that Plaintiffs' allegations are insufficient to meet their burden under the more rigorous pleading requirements of Rule 9 that apply to allegations of fraud or mistake.[12]  See Fed. R. Civ. P. 9(b) (requiring a party to state with particularity the

---

[11] The Court does not address any UDAP claims against USB since no such claims were pled.

[12] The court may dismiss a claim pursuant to Federal Rule of Civil Procedure
(continued...)

circumstances constituting fraud or mistake).  The claim must "be accompanied by the 'who, what, when, where, and how' of the misconduct charged."  <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120 (9th Cir. 2009) (internal citation and quotations omitted).  A plaintiff "must state the time, place and specific content of the false representations as well as the identifies of the parties to the misrepresentation."  <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1393 (9th Cir. 1988).

Here, Plaintiffs fail to plead the time and place of any alleged fraud and they also do not specify what role individuals within AHL played in the alleged misconduct.  Instead, Plaintiffs broadly attribute the allegedly false statements to all of AHL generally, without specifying when, where, and by who the false statements were made.  Furthermore, Plaintiffs' statement that "Defendants . . . fraudulently misrepresented the terms of Plaintiffs' loan and

<hr>

[12](...continued)
("Rule") 12(b)(6) on its own motion.  <u>See</u> <u>Omar v. Sea-Land Serv., Inc.</u>, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim <u>sua sponte</u> under [Rule] 12(b)(6).  Such a dismissal may be made without notice where the claimant cannot possibly win relief."); <u>Ricotta v. California</u>, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim <u>sua sponte</u> for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); <u>see also</u> <u>Baker v. Dir., U.S. Parole Comm'n</u>, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases <u>sua sponte</u> pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged).

mortgage," is a legal conclusions entitled to no weight. (Compl. ¶ 102); See Iqbal, 129 S. Ct. at 1949.

In Count XI of the Complaint, Plaintiffs contend that Defendants fraudulently misrepresented and concealed the terms of Plaintiffs' loan. (Id. ¶¶ 101–103.) To the extent Plaintiffs make these allegations to invoke equitable tolling, the Court addressed this supra in Section A(ii) regarding TILA damages. To the extent Plaintiffs make these allegations to try and prove fraud, the Court discussed this in the instant section above, and concluded that Plaintiffs have failed to plead sufficient facts to show fraud under the heightened Rule 9 pleading standard for fraud.

Accordingly, the Court GRANTS the Motion to Dismiss as to Count XI, DISMISSES WITHOUT PREJUDICE Count XI as to all Defendants, and DISMISSES WITHOUT PREJUDICE Count V as to AHL.

## V.     Count VI: Civil Conspiracy; Count VII: Aiding and Abetting

Count VI of Plaintiffs' Complaint claims that Defendants entered into an agreement to accomplish something unlawful, and Count VII alleges that Defendants aided each other in the engagement of those wrongful acts. (Compl. ¶¶ 69, 75.) Defendants claim that Plaintiffs have not sufficiently pled claims for civil

conspiracy or aiding and abetting because both claims are not independent causes of action, but derivative of another claim. (Mot. at 18–20.)

Plaintiffs' allegations are insufficiently pled under the Rule 8 pleading requirements. Civil conspiracy and aiding and abetting are not independent causes of action in Hawaii, but theories of potential liability that are derivative of other wrongs. See e.g. Weinberg v. Mauch, 890 P.2d 277, 286 (Haw. 1995). First, Plaintiffs have not clearly alleged an underlying claim on which their civil conspiracy and aiding and abetting claims are based. Moreover, to the extent that Plaintiffs' claims appear to be based on alleged fraudulent activity, as discussed above, Plaintiffs' Complaint fails to state a claim for fraud. Additionally, Plaintiffs have not rebutted Defendants' contention that the instant claims appear to be based on fraud, and has not made any other argument in defense of these claims. For all these reasons, Plaintiffs' civil conspiracy and aiding and abetting claims do not survive the instant Motion.

Accordingly, the Court GRANTS the Motion to Dismiss as to Counts VI and VII and DISMISSES WITHOUT PREJUDICE Counts VI and VIII as to all Defendants.

## VI.   Count VIII: Injunctive Relief – Lack of Standing

In Count VIII of the Complaint, Plaintiffs assert that this "is an action for emergency and permanent injunctive relief seeking to restrain Defendants [] from seeking a non-judicial sale upon the subject property during the pendency of this action."  (Compl. ¶ 79.)  This allegation is based on the fact that Defendants lack standing to foreclose upon the Subject Property.  (Id. ¶¶ 80–81, 84, 86.)

Defendants argue that Count VIII fails to state a claim because injunctive relief is a remedy that does not create an independent cause of action. (Mot. at 21.)  Plaintiffs do not counter this argument in their Opposition.

First, Plaintiffs' claim for injunctive relief appears to be dependent on and derivative of Plaintiffs' other claims, and not a standalone claim.  Because the Court grants UBS and BofA's Motion as to all of Plaintiffs' claims, and because Plaintiffs fail to allege any facts showing that they are entitled to this equitable remedy, the Court finds that Plaintiffs' claim for injunctive relief should be dismissed.

Moreover, Plaintiffs' Complaint states only that Defendants "are not the real party in interest and are not authorized to bring a foreclosure against Plaintiffs herein."  (Compl. ¶ 80.)  Such conclusory allegations are insufficient to state a claim upon which relief may be granted.  See Iqbal, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS the Motion to Dismiss as to Count VIII, and DISMISSES WITHOUT PREJUDICE Count VIII as to all Defendants.

VII.  Count IX: Improper Restrictions Resulting from Securitization Leaves Note and Mortgage Unenforceable; Count X: Wrongful Conversion of Note – Mortgagor Never Consented to Securitization

In Count IX of the Complaint, Plaintiffs contend that improper restrictions resulting from securitization of the mortgage results in the unenforceability of the note and mortgage, and that Plaintiffs were neither informed of nor asked to consent to the securitization of the mortgage.  (Compl. ¶¶ 92–93.)  In Count X of the Complaint, Plaintiffs contend that securitization converted the mortgage, rendering it null, void and unenforceable, and that Defendants have no authority to foreclose upon the property.  (Compl. ¶¶ 95, 100.)

Despite Plaintiffs' laundry list of allegations, the Court is entirely unclear as to what cause of action Plaintiffs are bringing this claim under. Plaintiffs fail to cite any relevant statute or law under which Defendants' alleged behavior is prohibited.  Although FRCP Rule 8 requires only that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must sufficiently put Defendants on fair notice of the claim asserted and the ground upon which it rests.  Fed. R. Civ. P. 8. Defendants, nor the Court, are required to speculate as to which provisions

Plaintiffs are suing under or how Defendants violated such provisions. Vague allegations containing mere labels and conclusions are insufficient to survive a motion to dismiss. See Twombly, 550 U.S. at 555. As such, Plaintiffs' claims in Counts IX and X fail.

Moreover, Plaintiffs argue that "improper restrictions resulting from securitization," occurred because "[c]ontrol of the mortgage was conveyed to a group of managers who adopted a new set of rules to the terms and conditions of the Mortgage . . . ." (Compl. ¶¶ 96–97.) However, Plaintiffs explicitly consented to potential changes in the loan servicer, without prior notice to the borrower. (See Mot., Ex. B at 12.)[13] Thus, Plaintiffs' argument holds no weight, and the Court is unable to identify a single cognizable claim for relief under either Count IX or X.

---

[13]Defendants' Motion to Dismiss attaches the mortgage as Exhibit B. Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the mortgage attached to Defendants' Motion to Dismiss, as it is a "matter of public record" and may be considered on a motion to dismiss. See Lee v. City of Los Angeles, 250 F.3d 668, 688-689 (9th Cir. 2001). "Therefore, on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." Mack v. South Bay Beer Distrib., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986), overruled on other grounds by Astoria Fed. Sav. and Loan Ass'n v. Solimino, 501 U.S. 104, 111 (1991).

Accordingly, the Court GRANTS the Motion to Dismiss as to Counts IX and X and DISMISSES WITHOUT PREJUDICE Counts IX and X as to all Defendants.

## CONCLUSION

For the foregoing reasons, Defendants USB and BofA's Motion to Dismiss (Doc. # 8) is GRANTED with leave to amend the Complaint as follows:

1.  Counts I, II, III, V, VI, VII, VIII, IX, X, and XI are DISMISSED WITHOUT PREJUDICE as against all Defendants

2.  Count IV is DISMISSED WITHOUT PREJUDICE on all grounds as against BofA, and is DISMISSED WITHOUT PREJUDICE on the basis of attempting to deprive Plaintiffs of their legal right to cancel the loan as against AHL.

Plaintiffs are granted no more than 30 days from the filing of this Order to file an amended Complaint. Failure to do so and to cure the pleading deficiencies will result in dismissal of this action with prejudice as against Defendants USB and BofA.

Additionally, Plaintiffs are advised that the amended complaint must clearly state how each of the named defendants have injured them, and it must also clearly identify the statutory provisions under which Plaintiffs' claims are brought. If Plaintiffs choose to file an amended complaint, they must (1) follow the directions in this Order; and (2) be ready, willing, and able to pursue their claims,

which includes attending hearings and conferences in person unless there is a

legitimate excuse.

       IT IS SO ORDERED.

       DATED:  Honolulu, Hawaii, February 24, 2011.



                                     _____
                                     David Alan Ezra
                                     United States District Judge

Labuanan v. U.S. Bank National Association et al., Cv. No. 10-00442 DAE-KSC; ORDER: (1) GRANTING USB and BOFA'S MOTION TO DISMISS COMPLAINT; AND (2) GRANTING PLAINTIFFS LEAVE TO AMEND THE COMPLAINT